It will be thus seen that in the *Marshall Field* case, *supra*, the record contained evidence that the merchandise therein was "made of filet net with an embroidered design or pattern thereon," and the court, availing itself of the common knowledge and experience of which judicial notice may be taken, in connection with the evidence as to the merchandise being embroidered, held it to be embroidered net curtains. In the instant case, however, there is no evidence as to any fact concerning the proper classification of the merchandise, other than the samples alone, and it is clear to us that the court, having no evidence before it, other than that which is patent to the eye of the expert only, cannot classify the merchandise solely on its own expert knowledge and experience, since such a finding would be without evidence to support it. *Krusi* v. *United States*, 1 Ct. Cust. Appls. 168.

For the reasons hereinbefore stated all claims of the plaintiff are overruled. Judgment will be rendered accordingly.

**No. 53833.**—Abe Berish as administrator of the estate of Solomon Kovler, doing business as Royal Import Co. *v.* United States, protests 138236–K, etc. (Tampa).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claims of the plaintiff were sustained.

BEFORE THE THIRD DIVISION, DECEMBER 19, 1949

**No. 53834.**—Brauner & Co. *v.* United States, protest 145830–K (New York).

Opinion by JOHNSON, J. When this case was called for trial there was no appearance on behalf of the plaintiff. An examination of the collector's letter disclosed that the regulations were not complied with. In view of the noncompliance with the mandatory regulations, the protest was overruled, following *Maple Leaf Petroleum, Ltd.* v. *United States* (25 C. C. P. A. 5, T. D. 48976).

**No. 53835.**—Rohner Gehrig & Co., Inc. *v.* United States, protest 147105–K (New York).

Opinion by JOHNSON, J. When this case was called for trial there was no appearance on behalf of the plaintiff. An examination of the collector's letter

disclosed that the regulations were not complied with. In view of the noncompliance with the mandatory regulations, the protest was overruled, following *Maple Leaf Petroleum, Ltd.* v. *United States* (25 C. C. P. A. 5, T. D. 48976).

**No. 53836.**—S. B. Behrens & Company *v.* United States, protest 145745–K (Philadelphia).

Opinion by JOHNSON, J. When this case was called for trial there was no appearance on behalf of the plaintiff. An examination of the record disclosing no evidence sufficient to disturb the action of the collector, which was presumptively correct, the protest was overruled.

**No. 53837.**—The Grady-Travers Co., Inc. *v.* United States, protest 146201–K (New York).

Opinion by JOHNSON, J. From an examination of the papers the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

**No. 53838.**—American Airlines *v.* United States, protest 147121–K (New York).

Opinion by JOHNSON, J. From an examination of the papers the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

**No. 53839.**—Phillips Paper Products, Inc. *v.* United States, protest 147602–K (New York).

Opinion by JOHNSON, J. From an examination of the papers the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

BEFORE THE THIRD DIVISION, DECEMBER 20, 1949

**No. 53840.**—D. Lisner & Co., Inc. *v.* United States, petition 6669–R (New York).

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489 of the Tariff Act of 1930. The merchandise involved consisted of two cases of imitation pearl beads which were entered at the invoice price. On appraisement the goods were advanced in value over 100 per centum and were therefore seized by the customs officials. (Section 489, Tariff Act of 1930.) As appears from the record this forfeiture was remitted upon exportation of the merchandise under customs supervision and payment of the additional duties. The appeal for reappraisement which had been filed by the importer was abandoned. Remission of the additional duties so paid is now sought in this action.

Petitioner contends that the importation was a test shipment made to determine whether such beads could be economically imported.

In support of the petition there was introduced in evidence the testimony of one witness who stated that he had been with the petitioner about 28 years,